The petition for review is granted. In connection with the briefs that the parties will file in this matter, the parties are directed to include and address the following: (1) If, on remand and in conjunction with continuing pretrial proceedings, the prosecution lists the victim as a witness who will testify at trial (see Pen. Code, §§ 1054.1, subd. (a) ; 1054.7) and if the materiality of the sought communications is shown, does the trial court have authority, pursuant to statutory and/or inherent power to control litigation before it and to insure fair proceedings, to order the victim witness (or any other listed witness), on pain of sanctions, to either (a) comply with a subpoena served on him or her, seeking disclosure of the sought communications subject to in camera review and any appropriate protective or limiting conditions, or (b) consent to disclosure by provider Facebook subject to in camera review and any appropriate protective or limiting conditions? (2) Would a court order under either (1)(a) or (1)(b) be valid under the Stored Communications Act, 18 U.S.C., section 2702(b)(3) ? (3) Assuming orders described in (1) cannot properly be issued and enforced in conjunction with continuing pretrial proceedings, does the trial court have authority, on an appropriate showing during trial, to issue and enforce such orders? (4) Would a court order contemplated under (3) be proper under the Stored Communications Act, 18 U.S.C., section 2702(b)(3) ? With regard to questions (1)-(4), see, e.g., O'Grady v. Superior Court (2006) 139 Cal.App.4th 1423, 44 Cal.Rptr.3d 72 ; Juror Number One v. Superior Court (2012) 206 Cal.App.4th 854, 142 Cal.Rptr.3d 151 ; Negro v. Superior Court (2014) 230 Cal.App.4th 879, 179 Cal.Rptr.3d 215 ; and the Court of Appeal decision below, Facebook, Inc., v. Superior Court (Touchstone) (2017) 15 Cal.App.5th 729, 745-748, 223 Cal.Rptr.3d 660. (5) As an alternative to options (1) or (3) set forth above, may the trial court, acting pursuant to statutory and/or inherent authority to control the litigation before it and to insure fair proceedings, and consistently with 18 U.S.C. section 2702(b)(3), order the prosecution to issue a search warrant under 18 U.S.C. section 2703 regarding the sought communications? (Cf. State v. Bray (Or.App. 2016) 281 Or.App. 584, 383 P.3d 883, pets. for rev. accepted June 15, 2017, 361 Or. 543, 397 P.3d 30 [S064843, the state's pet.] ; 361 Or. 543, 397 P.3d 37 [S064846, the defendant's pet.].) In this regard, what is the effect, if any, of California Constitution, article I, sections 15 and 24 ?